ant's contention is that, while the allegation of the return of a "no bill" would ordinarily be sufficient, it is not so in the present instance, because, under the act creating the city court of Sylvester, the magistrates by whom criminal warrants are issued for misdemeanors are required to bind the offenders over to the city court for trial, and not to the superior court. This makes no difference. The superior court has concurrent jurisdiction with all other courts as to the trial of misdemeanors, and no direction given in a special law requiring that magistrates shall commit solely to another court can affect its jurisdiction. Until some other court has tried the case and disposed of it, the grand jury sitting in the superior court, has full authority to take up the matter, and to dispose of it by return of a true bill or a "no bill," as the case may be. The court erred in sustaining the demurrer.                    *Judgment reversed.*

---

### 3216.    MORING et al. v. MILLS.

This case is controlled by the decision of the Supreme Court in the case of *Pryor* v. *Ludden*, 134 Ga. 288 (67 S. E. 654).    *Judgment reversed.*
DECIDED JUNE 7, 1911.

Complaint—appeal; from Jefferson superior court—Judge Rawlings. January 21, 1911.

*R. N. Hardeman,* for plaintiffs in error.

*R. L. Gamble,* contra.

---

### 3229.    CRAPPS v. SMITH.

1. While ordinarily, in habeas-corpus cases brought to determine the custody of a child, the personal fitness of the respective contestants is a material element, still under the particular circumstances of this case there was no error in the court's confining the issue to the question of the child's age.

2. A female under the age of fourteen years can not contract matrimony; and where a child under that age has run away from her father and gone through the form of a marriage ceremony, and her father sues out habeas corpus to recover the child from the man she has attempted to marry, it is no sufficient answer on the latter's part that the girl's father had treated her cruelly.

DECIDED JUNE 7, 1911.